18-2028
*United States v. Salazar*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand nineteen.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                               18-2028-cr

DEVAUGHN SALAZAR, AKA SNAKE,

        *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | SEAN C. ELDRIDGE, Assistant United States Attorney, *for* James P. Kennedy, United States Attorney for the Western District of New York, Rochester, NY |
| For Defendant-Appellant: | AVIK K. GANGULY (Anjan K. Ganguly, *on the brief*), Ganguly Brothers, PLLC, Rochester, NY |

Appeal from a judgment of the United States District Court for the Western District of

New York (Siragusa, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Devaughn Salazar appeals from his conviction for, *inter alia*, possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924. Salazar challenges the sufficiency of the evidence presented to the jury and the district court's denial of his motion for a mistrial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Sufficiency of the Evidence

"We review *de novo* a challenge to the sufficiency of the evidence underlying a criminal conviction." *United States v. Lebedev*, 932 F.3d 40, 48 (2d Cir. 2019). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Where, as here, the relevant offense involves possession of a controlled substance, "[l]ay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction." *United States v. Bryce*, 208 F.3d 346, 353 (2d Cir. 1999). Additionally, a defendant's admission to law enforcement cannot, standing alone, sustain a conviction. *Id.* at 354. Rather, the inculpatory statement must be corroborated by "substantial independent evidence which would tend to establish the trustworthiness of the statement." *Opper v. United States*, 348 U.S. 84, 93 (1954) (quoted in *Bryce*, 208 F.3d at 354); *see also Smith v. United States*, 348 U.S. 147, 152–53 (1954); *United States v. Irving*, 452 F.3d 110, 118 (2d Cir. 2006).

Salazar contends that Kevin Krowiak's testimony is not "substantial independent evidence" corroborative of his admission that he gave Krowiak cocaine in exchange for a gun and that, as a result, the evidence was legally insufficient to sustain his conviction. *Opper*, 348 U.S. at 93. Not so. Krowiak's testimony closely aligns with Salazar's written statement on the central elements of the transaction. Both stated that Krowiak contacted Salazar regarding a .40 caliber pistol, that they met in the parking lot of a Tops grocery store, and that Salazar examined the pistol before giving Krowiak cocaine. In sum, Krowiak's testimony and Salazar's statement are in accord on the "essential facts." *Opper*, 348 U.S. at 93; *Irving*, 452 F.3d at 118.

Salazar argues that Krowiak's testimony failed to corroborate his own admission that the substance he provided to Krowiak was cocaine. But this is incorrect. Krowiak admitted that he had used cocaine "multiple times," J.A. 243, "seen cocaine in the past" on "plenty" of occasions, J.A. 242, seen cocaine packaged in the same way as the substance he received from Salazar, *viz.*, in "a plastic bag knotted off," J.A. 242, and "the substance that [he] received [was] consistent with what [he] knew to be cocaine," J.A. 243. Additionally, Krowiak traded a pistol for the substance, indicating that the "white powdery substance," J.A. 242, was of high value. While Krowiak did not ingest the cocaine himself, we have "decline[d] to give a checklist or formula for sufficiency." *Bryce*, 208 F.3d at 353. And we have previously deemed similar descriptions to the one given by Krowiak sufficient to establish that a substance is an illicit drug, even in circumstances in which the defendant himself did not attest to this fact, as Salazar did in his written statement. *See, e.g.*, *United States v. Arroyo*, 600 F. App'x 11, 16 (2d Cir. 2015) ("The witnesses described the cocaine's physical appearance, used the words 'coke' and 'cocaine' when purchasing the drugs . . . , and then snorted the white powdery substance.").

In sum, the corroborative evidence of Krowiak's testimony "implicate[s] the accused" and "show[s] that a crime has been committed." *Wong Sun v. United States*, 371 U.S. 471, 489 n.15 (1963) (quoting *Smith*, 348 U.S. at 154). Thus, Salazar's admission to law enforcement, coupled with Krowiak's testimony, constitutes sufficient evidence such that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

## II. Mistrial

"We review for abuse of discretion a district court's denial of a motion for a mistrial . . . ." *United States v. Zemlyansky*, 908 F.3d 1, 9 n.3 (2d Cir. 2018). Such a motion "may be granted where something has occurred to interfere with the defendant's right to a fair trial." *United States v. Yannai*, 791 F.3d 226, 242 (2d Cir. 2015). Here, Salazar's mistrial motion was predicated on Krowiak's statement that he "had purchased [cocaine] from [Salazar] in the past." J.A. 244. Salazar objected to that testimony, the objection was sustained, and the district court struck the testimony and ordered the jury "not to consider it in any way in reaching your determination in this case." J.A. 244. Nevertheless, Salazar contends that Krowiak's remark was so devastating that the jury likely disregarded the court's instruction and considered the stricken testimony.

We disagree. To overcome the presumption that a jury follows instructions to disregard evidence, there must be "an overwhelming probability that the jury [was] unable to follow the court's instructions and a strong likelihood that the effect of the evidence [was] devastating to the defendant." *United States v. Mussaleen*, 35 F.3d 692, 695 (2d Cir. 1994) (quoting *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987)). Salazar has failed to make such a showing.

4

Krowiak's passing reference to Salazar's prior trafficking in narcotics is a far cry from the inflammatory evidence that we have previously deemed sufficient to warrant a new trial. *See, e.g.*, *United States v. Williams*, 585 F.3d 703, 710 (2d Cir. 2009) ("[T]he jury could not have ignored the parade of guns and photographs that the Government put before it, which was a major focus of the prosecutor's closing arguments."); *United States v. Colombo*, 909 F.2d 711, 715 (2d Cir. 1990) (reference to rape and sodomy in trial for RICO and conspiracy to distribute narcotics overcomes presumption that jury followed instruction and disregarded evidence). Rather, the testimony at issue here is more akin to situations where we have upheld a trial court's denial of a mistrial motion. *See, e.g.*, *Mussaleen*, 35 F.3d at 695 (one witness blurting out that defendant had a gun and another witness noting that he "had a warrant for an unrelated matter" insufficient to overcome presumption); *United States v. Hill*, 658 F. App'x 600, 604 (2d Cir. 2016) (referring to defendant as a "gun man" in a trial for murder did not warrant a mistrial). Nor was Krowiak's statement particularly devastating in light of his other testimony, discussed above, indicating that the substance that Salazar provided him in exchange for the gun was cocaine. Accordingly, the district court did not abuse its discretion in denying Salazar's motion for a mistrial.

\* \* \*

We have considered Salazar's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5